**U**NITED **S**TATES **D**ISTRICT **C**OURT
**M**IDDLE **D**ISTRICT OF **F**LORIDA
**F**T. **M**YERS **D**IVISION

**MYRA HICKS,**

           **Plaintiff,**

-vs-                                                  Case No.  2:07-cv-515-FtM-29DNF

**TAZEWELL COUNTY SOCIAL
SERVICES, CRYSTAL RAMEY,
LORETTA BALDWIN, TERESA M.
CHAFIN, SHEA COOK, STEPHEN AREY,
JAMES HENDERSON, JIM SHORTT,
SUSAN HENDERSON, DOMINICA
ASBURY, KRISTIE FERGUSON, DEBBIE
WHITE, EDWINNA S. CRAWFORD,
JACK ASBURY, JOHN THOMPSON,
SUSAN ASHFORD, REX TESTER,
MELINDA HORNSBY,  DONNA BELLINI,
RICK MITCHELL, BETH YOST, PATTY
CETTIN, GEORGE ALLEN, RICK
BOUCHER, HENRY NICKLES,
CATHERINE GLANCY, HOMER C.
MCCOY, SANDRA GRAHAM, CLOUD
MONROE, WADE COMPTON, DAVID
ALLEN,**

           **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      On August 14, 2007, the Plaintiff filed suit against Tazewell County Social Services as well as a number of individuals. The Plaintiff filed an Application to Proceed Without Prepayment of Fees and Affidavit.  (Doc. 2).  The Complaint is comprised mainly of quotations from various statutes, such as 42, U.S.C. §1983, and criminal statutes.   It appears that the Plaintiff may be attempting to file a claim

relating to custody of her 4 children and niece, and a claim relating to some action that occurred in Virginia. The Court could not ascertain from the Complaint the claims that the Plaintiff is attempting to raise. The Court entered an Order (Doc. 6) on August 23, 2007, directing the Plaintiff to file an Amended Complaint. The Court instructed the Plaintiff that she must name as defendants only those persons or entities who are responsible for the alleged constitutional violations. She must state what rights under the Constitution, laws, or treaties of the United States have been violated. Further, the Plaintiff was required to provide support in the statement of facts for the claimed violations. The Court also cautioned the Plaintiff that if she failed to file an Amended Complaint within this time period, the Court would recommend that this action be dismissed. The Plaintiff failed to file an Amended Complaint.

When a Plaintiff requests leave to proceed without the prepayment of fees, the Court is obligated to review a complaint. See, 28 U.S.C. §1915. Section 1915(e)(2)(B) requires the Court to dismiss an action if it determines that the complaint is frivolous or malicious; if it fails to state a claim upon which relief may be granted; or, if the complaint seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §1915(e)(2)(B). The Court carefully reviewed the Complaint and finds that the Plaintiff failed to state a claim upon which relief may be granted.

Therefore, it is respectfully recommended:

1) That the Application to Proceed Without the Prepayment of Fees (Doc. 2) be denied.

2) That this action be dismissed for failure to state a claim upon which relief may be granted and failure to comply with this Court's Order (Doc. 6) entered on August 23, 2007, requiring the Plaintiff to file an Amended Complaint.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this __3rd__ day of October, 2007.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record